## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE RESTRAINT OF TWENTY REAL ) <br> PROPERTIES IN CALIORNIA AND FLORIDA ) <br> OWNED OR CONTROLLED BY ) <br> FABRICE TOUIL OR RICHARD TOUIL ) <br> ) | Misc. No. _____ <br> **UNDER SEAL** |

## MOTION TO SEAL EX PARTE APPLICATION
## TO REGISTER AND ENFORCE FOREIGN RESTRAINING ORDERS

The United States, by and through its undersigned attorneys, respectfully submits this

Motion to Seal, and states that the Ex Parte Application and Order in this matter contain sensitive

law enforcement information regarding an ongoing criminal investigation conducted by the

French National Directorate of Fiscal Investigation with assistance from the United States

Department of Justice.  If such information, including the fact of France's Treaty request seeking

the restraint of the suspects' U.S. assets, were made public at this time, it could impede the

ongoing investigation by alerting persons suspected of engaging in criminal conduct of law

enforcement activity and information known to law enforcement as well as facilitate the

dissipation or sale of the assets sought to be preserved for foreign forfeiture.  Some assets

previously acquired by the suspects have already been sold.  The suspects have also changed the

nominal ownership of some of the assets sought for restraint to further conceal the illicit source

of the funds used to acquire them or their ownership of the properties.

Importantly, in a letter dated May 18, 2016, from the French *Ministère de la Justice*,

France formally requested that the United States provide confidentiality in the execution of the

its Treaty request.  Under article 14 of the Treaty with France on Mutual Legal Assistance in

Criminal Matters, U.S.-Fr., Dec. 10, 1998, T.I.A.S. 13010 (2001) (as amended by the Instrument

as Contemplated by Art. 3(2) of the Agreement on Mutual Legal Assistance between the United

States of America and the European Union), "the Requested State shall use its best efforts to

keep confidential a request and its contents if such confidentiality is requested by the Central

Authority of the Requesting State." France has specifically invoked this confidentiality

provision, which is best maintained by a Court order to seal, until the assets located in the United

States have been secured and the French prosecution informs the United States that

confidentiality is no longer necessary.

Disclosure of the Ex Parte Application and the United States' exhibits would notify the

suspects of the French Restraining Orders prior to their execution of that Order in the United

States, whereas French law requires that suspects are notified of ex parte restraints or seizures

after they are executed, at which point, affected persons have ten days to appeal the French

Orders. The attached Proposed Order to Seal permits the United States to disclose the U.S.

Restraining Order at this time for the limited purposes of swiftly (1) recording numerous lis

pendens with the appropriate recorders of deeds in Los Angeles and Miami-Dade counties,

(2) serving the person(s) responsible for collecting the rental income derived from the restrained

properties, and (3) providing notice of its intent to invoke 28 U.S.C. 2467, if it becomes

necessary[1] before seeking further orders of this Court. Once the lis pendens have been recorded,

the United States will seek permission from French authorities to move to unseal the case. This

will enable the United States to provide notice and a copy of the U.S. Order enforcing the French

Restraints to the suspects in the French investigation and the corporate owners of record of the

---

[1] Due to the arrest of Fabrice Touil in California, and his intent to waive extradition, the Touils and their agents may learn of France's intent to forfeit the properties that are subject to the 13 French orders referenced in this Application subject to the sealing order and United States may have to inform them, their counsel and select others of the existence of, but not the contents of, the French treaty request and the Section 2467 Application before this Court enters a U.S. Order to prevent the assets from being alienated under U.S. law.

properties in California and Florida, thus permitting the affected persons to challenge the restraint of assets should they so choose.

As the Supreme Court explained, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 598 (1978); *see also United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1981). Federal courts are empowered to seal or protect documents in appropriate circumstances, including to maintain the secrecy of ongoing criminal investigations. *See Hubbard*, 650 F.2d at 316, n. 84 (citing *In re Sealed Affidavits*, 600 F.2d 1256 (9th Cir. 1979); *Shea v. Gabriel*, 520 F.2d 879, 880, 882 (1st Cir. 1975)); *see also In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1141 (D.C. Cir. 2006) (acknowledging the need to seal court documents to avoid interfering with an ongoing investigation by special counsel); *cf.* Fed. R. Civ. P. 5 and 5.2 (granting federal courts supervisory power over pleadings and permitting filing under seal per court order); Fed. R. Civ. P. 26(c)(1) (allowing protective orders and sealing to avoid embarrassment during discovery); Fed. R. Crim. P. 6(e)(4) and 6(e)(6) (authorizing the sealing of indictments, as well as records, orders, and subpoenas).

In this matter, there is ample reason for the Court to exercise its authority to seal the filings. The D.C. Circuit in *Hubbard* identified six factors as relevant in assessing the propriety of sealing court records: (1) the need for public access to the documents; (2) whether the public had prior access to the documents; (3) whether any objections have been raised to sealing or unsealing the documents and the identity of those objecting; (4) the strength of the generalized property and privacy interests asserted in the documents; (5) the possibility of prejudice; and (6)

the purpose for which the documents were introduced. *Hubbard*, 650 F.2d at 317-22.  An

analysis of the *Hubbard* factors weighs in favor of granting the United States' Motion to Seal.

First, there is no demonstrable need for the public to access the United States' Ex Parte

Application to Register and Enforce Foreign Restraining Orders and its supporting documents at

the present time.  A sufficient justification for the sealing of court documents exists when the

government is trying to avoid compromising an ongoing investigation.  *See Washington Post v.*

*Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991) (recognizing that a valid justification for sealing a

plea agreement may be that its release could threaten an ongoing criminal investigation).  In the

United States, criminal investigations conducted by the grand jury are subject to strict secrecy

requirements.  Here, the Court's seal would provide similar confidentiality, as requested by

France, while the United States seeks to preserve assets for eventual forfeiture in France should

the suspects be convicted.

The second *Hubbard* factor is not implicated in this matter, as the public has not had

prior access to these documents as the public rarely if ever has access to the content of formal

treaty requests in criminal matters.  Similarly, the third *Hubbard* factor is not affected because

the United States' Application was filed on an ex parte basis and no objections have been raised

by any member of the public, because only uniquely private rights are implicated in this matter

and those affected will receive notice of this application and filings.

Consideration of the fourth *Hubbard* factor strongly favors granting the Motion to Seal.

Given that the documents sought to be sealed constitute the United States' filings and any Order

issued by this Court, there are at least two parties that may possess a privacy interest in these

documents and that would benefit from non-disclosure: the foreign authority that requested

assistance and the suspects of the foreign investigation.  France has an interest in keeping its

efforts to restrain assets in foreign countries out of public view, especially considering that the

French criminal financial investigation is ongoing, charges have not been laid against all

suspects, and French authorities are still determining the amount and location of the proceeds

and instrumentalities of the alleged offenses.  Indeed, the *Ministère de la Justice* requested

confidentiality in execution of its request pursuant to the Treaty.  In addition, the suspects of the

investigation may have a privacy interest in sealing these documents because their contents, if

disclosed, could cause embarrassment, especially if some or all of the suspects are not ultimately

charged or convicted of one or more criminal offenses.

     Fifth, public disclosure of these documents, as well as the existence of France's ongoing

criminal investigation and the fact that France has sought legal assistance from the United States,

may adversely prejudice the privacy and reputational interests of individuals and entities

identified in the United States' Ex Parte Application.  Furthermore, not sealing the Application

and Order would reveal sensitive information to both the French public and the U.S. public.  This

would deprive the French authorities its ability to determine the timing of disclosures in its case.

Finally, considering the sixth *Hubbard* factor, the United States' filings and any resulting court

Order are litigation documents in this enforcement proceeding intended to give legal force and

effect to a judicial orders from the Court of Appeals of Paris, Court of High Instance.  Thus, they

have not been introduced as evidence previously in a French or U.S. proceeding.

     Therefore, the United States respectfully requests this Court to issue the attached

proposed Order to Seal.  Should the Court deny this Motion, the United States respectfully

requests the opportunity to provide further briefing to the Court or to withdraw the Ex Parte

Application in accordance with France's request under the 1998 mutual legal assistance treaty.

Respectfully submitted,

M. KENDALL DAY, CHIEF
ASSET FORFEITURE AND MONEY
   LAUNDERING SECTION

By:     _____

MARYBETH GRUNSTRA
Trial Attorney
ADDY J DE KLUIVER
Unit Deputy Chief
MARY K. BUTLER
Unit Chief
U.S. Department of Justice
Criminal Division
Asset Forfeiture and Money
   Laundering Section
1400 New York Avenue NW, 10100
Washington, DC  20530
Telephone:   (202) 514-1263
Fax:   (202) 616-2547
Email:   Marybeth.Grunstra@usdoj.gov


Attorneys for Applicant
UNITED STATES OF AMERICA