**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE RESTRAINT OF TWENTY REAL PROPERTIES IN CALIFORNIA AND FLORIDA OWNED OR CONTROLLED BY FABRICE TOUIL OR RICHARD TOUIL | No. 16-mc-1612 (TSC)<br>**Under Seal** |

**ORDER**

On August 2, 2016, the United States filed an Ex Parte Application under seal requesting that this court register and enforce thirteen French restraining orders, pursuant to 28 U.S.C. § 2467(d)(3), in order to prevent the sale, mortgaging, or encumbering of twenty properties in connection with an ongoing French criminal investigation. It is hereby **ORDERED** that this application be **GRANTED IN PART** and **DENIED IN PART** without prejudice, as further explained below.

Upon consideration of the United States' Ex Parte Application, the court hereby finds that:

(a) This court has jurisdiction over the subject matter of this case, and pursuant to 28 U.S.C. § 2467(c)(2)(B), venue is appropriate in the U.S. District Court for the District of Columbia;

(b) As required by 28 U.S.C. § 2467(a)(1), the United States and France are parties to a bilateral agreement providing for forfeiture assistance, namely, the Treaty with France on Mutual Legal Assistance in Criminal Matters, U.S.-Fr., art. 11, Dec. 10, 1998, T.I.A.S. 13010 (2001);

(c) On April 21, 2016, Senior Vice President Renaud Van Ruymbeke of the Court of Appeals of Paris, High Instance Court of Paris, issued thirteen Restraining Orders to preserve specific property beneficially owned by Fabrice Touil or

Richard Touil that is subject to confiscation (forfeiture) under French law in connection with a criminal investigation into the Touil brothers and others suspected of money laundering and other offenses in France;

(d) In May 2016, a supplemental mutual legal assistance request from France was referred to the U.S. Department of Justice, Asset Forfeiture and Money Laundering Section, and that request seeks enforcement of the French Restraining Orders in the United States against the properties listed below;

(e) As required by 28 U.S.C. § 2467(b)(2), on July 29, 2016, the Attorney General of the U.S. Department of Justice, through her designee, certified that enforcement of the French Restraining Orders against the properties in California and Florida is “in the interest of justice”;

(f) As required by 28 U.S.C. § 2467(d)(1)(A), (d)(3)(A)(ii)(I), the French Restraining Orders have been rendered under a system of law compatible with the requirements of due process;

(g) As required by 28 U.S.C. § 2467(d)(1)(C), (d)(3)(A)(ii)(I), the Court of Appeals of Paris, High Instance Court of Paris, has jurisdiction over the subject matter of the criminal and confiscation proceedings pursuant to which the French Restraining Orders were issued; and

(h) As required by 28 U.S.C. § 2467(d)(1)(E), (d)(3)(A)(ii)(I), there is no indication that the French Restraining Orders were obtained by fraud.

Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 2467(d)(3)(A), (d)(3)(B)(ii), and 18 U.S.C. § 983(j), that:

1. The attached ten Restraining Orders dated April 21, 2016 and attached to the United States’ Ex Parte Application as Attachments B through H and L through N are hereby REGISTERED AND ENFORCED by this court;

2. The properties listed below, corresponding with those properties listed in the United States’ Proposed Order as (1) through (7), and (11) through (20), are hereby RESTRAINED in accordance with the terms of the attached French Restraining Orders:

    - (1) 1040 Biscayne Boulevard, #3504, Miami, Florida 33132
    - (2) 1100 West Avenue, #1026, Miami Beach, Florida 33139
    - (3) 2666 Hutton Drive, Beverly Hills, California 90210
    - (4) 1150 Kane Concourse, #2FL, Bay Harbor, FL 33154[1]

[1] In the United States’ Proposed Order, this property was annotated with “legally described as condominium no. 3.” Because neither the French Restraining Order attached to the United States’ Ex Parte Application as Attachment E

- (5) 1040 Biscayne Boulevard, #1501, Miami, Florida 33132
- (6) 9499 Collins Avenue, PH-4, Surfside, Florida 33154
- (7) 8240 Byron Avenue, Miami Beach, Florida 33141
- (11) 9195 Collins Avenue, #404, Surfside, Florida 33154[2]
- (12) 450 Alton Road, #2106, Miami Beach, Florida 33139
- (13) 664 SW 11th Street, Homestead, Florida 33034[3]
- (14) 750 SW 6th Avenue, Homestead, Florida 33030
- (15) 770 SW 6th Avenue, Homestead, Florida 33030
- (16) 880 SW 6th Place, Homestead, Florida 33034
- (17) 980 SW 6th Court, Homestead, Florida 33034
- (18) 956 SW 6th Court, Homestead, Florida 33034
- (19) 916 SW 6th Avenue, Homestead, Florida 33034
- (20) 775 SW 6th Court, Homestead, Florida 33034

3. With respect to the above-described properties in California and Florida, Fabrice Touil, Richard Touil, and all persons, companies, entities, agents, servants, employees, attorneys, family members, and those persons in active concert or participation with either Fabrice or Richard Touil, are hereby ENJOINED AND RESTRAINED from transferring, selling, assigning, pledging, distributing, giving away, encumbering, leasing, subleasing, or otherwise participating in the disposal of these properties, by mortgage or otherwise, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard;

4. Under this Order, the current owner(s) or occupant(s) of the California and Florida properties shall not be evicted or deprived of their use and enjoyment of any restrained property, however, the terms of any current lease or rental agreement relating to the property must be disclosed to counsel for United States, and no new leases or rental agreements shall be entered into without notification to the United States and approval of the United States;

5. All rents, revenue, and other net income generated by the California or Florida properties are to be maintained by the relevant property managers and are not to be transferred to Fabrice Touil, Richard Touil, and all persons, companies, entities, agents, servants, employees, attorneys, family members, and those persons in active

nor the Assistant Attorney General's Decision, attached as Attachment A, describe the property as "condominium no. 3," the court has stricken this language from the Proposed Order.

[2] In the United States' Proposed Order, this property was listed as #414. Because the United States' Ex Parte Application, the Assistant Attorney General's Decision, and the French Restraining Order attached as Attachment L all reference #404, the court has modified the United States' Proposed Order to reflect the property is located at unit 404.

[3] In the United States' Proposed Order, this property was listed as "SW 11st Street." Because the United States' Ex Parte Application, the Assistant Attorney General's Decision, and the French Restraining Order attached as Attachment N all reference "11 Street" or "11th Street," the court has modified the United States' Proposed Order to reflect the property's address is "11th Street."

concert or participation with either Fabrice or Richard Touil without prior approval of the Court upon notice to the United States;

6. With respect to the California and Florida properties, Fabrice Touil, Richard Touil, and any person, company, entity, agent, servant, employee, attorney, family member, or representative and those persons in active concert or participation with either of the Touil brothers, shall pay all fees and taxes associated with the property, including any common charges accrued and due during the pendency of this Court's Order; and

7. This Order shall become effective immediately and shall remain in full force and effect until any final confiscation orders or judgments obtained pursuant to the French criminal and confiscation proceedings is enforced by this Court; until the French Restraining Orders have been quashed, discharged, or modified in a substantive way affecting these U.S. assets and the United States seeks an amended Order; or, until the United States applies for a release of this Order on its own accord.

It is FURTHER ORDERED THAT the Attorney General of the United States or her duly authorized representative shall:

8. Give effect to this Order by recording notices of lis pendens with the Los Angeles County Recorder and the Miami-Dade County Recorder's Office, and may maintain any notice of lis pendens so long as this Order is in effect;

9. Give effect to this Order by serving notice of this Order on the person(s) responsible to collect the rental income derived from these properties or their legal representatives;

10. Upon recordation of the lis pendens, the United States will consult with French authorities about the timing of further unsealing and shall file a motion to lift the seal in this case and attach a copy of the recorded lis pendens;

11. When this Order is unsealed in accordance with the terms of paragraphs 8, 9, and 10, the United States shall ensure the affected persons receive notice and a copy of this Order by attempting to personally serve the corporate nominee owners of the twenty properties in the United States (mail is acceptable if personal service fails) and requesting that the appropriate authorities in France provide a copy of this Order to the suspects, Fabrice Touil and Richard Touil, so that any natural or legal affected persons may, upon notice, have an opportunity to challenge this Order or the underlying French Restraining Orders upon which it is based. A cover letter served with this Order will state that the affected person may contact counsel for the United States in this matter for more information about the restraint of the property or the process used to enforce the French Restraining Orders, and such letter shall make clear that the affected person may seek limited relief in this Court or other relief in France, in the criminal investigation conducted by Judge Renaud Van Ruymbeke in Paris.

With respect to the three properties identified as (8) through (10) in the United States' Proposed Order and listed below, the court DENIES WITHOUT PREJUDICE the United States' Ex Parte Application, for the reasons stated below after each property:

- (8) 9499 Collins Avenue, #610, Surfside, Florida 33154: The court denies the United States' Application with regards to this property for two reasons. First, the English translation of the French Restraining Order (Attachment I) fails to specifically identity Unit 610 as the property to be restrained. Second, both the French and English language versions of the French Restraining Order (Attachment I) list "North Miami, Florida" without a zip code. Because the court was unable to identity the city and zip code in which the property is located, it must deny without prejudice the request to enforce the French Restraining Order as to this property.

- (9) 770 83rd Street, Miami Beach, Florida 33141: The court denies the United States' Application with regards to this property because the English translation of the French Restraining Order (Attachment H) lists "9499 Collins Avenue, North Miami, Florida" as the enjoined property. While the court recognizes that the French language version of the Restraining Order (Attachment H) appears to reference the 83rd Street property, the court is unable to sufficiently confirm the property to be enjoined, and it must deny without prejudice the request to enforce the French Restraining Order as to this property.

- (10) 9499 Collins Avenue, #606, Surfside, Florida 33154: The court denies the United States' Application with regards to this property because both the French and English language versions of the French Restraining Order (Attachment K) list "North Miami, Florida" without a zip code as the city in which the property is located. Because the court was unable to identity the city and zip code in which the property is located, it must deny without prejudice the request to enforce the French Restraining Order as to this property.

Date: August 16, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge