## UNTIED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE RESTRAINT OF TWENTY REAL
PROPERTIES IN CALIFORNIA AND FLORIDA
OWNED OR CONTROLLED BY FABRICE
TOUIL OR RICHARD TOUIL

No. 1:16-mc-1612 (CKK)

### OPPOSITION TO GOVERNMENT MOTION FOR LEAVE TO FILE A SURREPLY

Proposed intervenors Ocean 26 Holdings LLC, Mondrian 1026 LLC, and Ocean Five Office 400 LLC ("Intervenors"), by and through their undersigned attorneys, oppose the United States' Motion for Leave to File a Surreply [Dkt. No. 45] (the "Motion"). All of the issues the government proposes addressing in its surreply could have been addressed in its earlier responses, and the government is only seeking leave to file a surreply in recognition of the fact its initial responses fail to justify the continued restraint of the properties.

In their replies, Intervenors enumerated several arguments presented in their opening memorandums for vacating the restraining orders that the government chose not to address in its responses. As Intervenors pointed out, the government's responses did not cite or address controlling case law even though Intervenors discussed this case law and relied on it in their opening memorandums. Moreover, Intervenors noted, the government made no effort to address Intervenors' assertion that the French Order failed to trace the funds used to purchase the properties being restrained even though Intervenors highlight this point in their opening memorandums. Having been called out for filing purely procedural responses that failed to address the substance of Intervenors' motions to vacate, the government now requests a second chance. The government offers no reason it could not have addressed these issues in its initial

responses.  That is because the government could have addressed these points and simply failed to do so.

Surreplies are "generally disfavored" by this Court, and the government's motion for leave to file a surreply does not meet the threshold legal standard – a standard the government never even states.  *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012) (citing *Kifafi v. Hilton Hotels Retirement Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010)).  The critical factors in assessing a motion for leave to file a surreply are "whether the movant's reply . . . raises arguments or issues for the first time" that could not therefore have been addressed in a party's initial response, "whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion," and "whether the movant would be unduly prejudiced were leave to be granted."  *Id.* (citing *Glass v. Lahood*, 786 F.Supp.2d 189, 231 (D.D.C. 2011).  None of these factors support the government's motion and therefore the motion should be denied.

I.   **The Government Had the Opportunity to Address these Issues, and Its Failure to Do So Supports Denying It Leave to File a Surreply.**

The government proposes to address three issues in its surreply.  None were raised for the first time in Intervenors' reply briefs, and the government could have dealt with all of them in its initial responses.  The government has already had an opportunity to address these issues and elected to remain silent.  Surreplies are not intended to afford parties a second bite at the apple when that party simply fails to discuss issues that they could have addressed in their initial responses.  The government's motion should be denied.

*First*, the government seeks to address *Luan v. United States*, 722 F.3d 388 (D.C. Cir. 2013), a case the Intervenors discussed at length in their opening memorandums.  *See* Ocean 26 Holdings LLC's and Mondrian 1026 LLC's Motion [Dkt. No. 27] at 7 ("The D.C. Circuit has

OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO FILE A SURREPLY

found that [18 U.S.C § 983(j)] requires 'that the complaint . . . state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.'") (quoting *Gang Luan v. United States*, 722 F.3d 388, 397 (D.C. Cir. 2013)); Ocean Five Office 400 LLC's Motion [Dkt. No. 28] at 4 ("[T]he French Order did not provide facts sufficient to support a reasonable belief that the Property was purchased with criminal proceeds."). The government did not cite, let alone engage with, this case in its initial responses, and the government presents no reason it could not have done so in those filings.

*Second*, the government seeks to address the deference required by 28 U.S.C. § 2467 to both findings of fact of foreign courts and to the content of foreign forfeiture law. Because the government restrained Intervenors' property pursuant to 18 U.S.C. § 2467, there is no reason this issue could not have been addressed in the government's initial response. Moreover, Intervenors discussed this statute and the role of U.S. judicial review in their opening memorandums. *See* Ocean 26 Holdings LLC's and Mondrian 1026 LLC's Motion [Dkt. No. 27] at 5 ("The Court must therefore vacate the U.S. Order as to the Properties as a violation of Movants' rights under 28 U.S.C. § 2467."); Ocean Five Office 400 LLC's Motion [Dkt. No. 28] at 5 ("The Court must therefore vacate the U.S. Order as to the Property as a violation of Ocean Five's rights under 28 U.S.C. § 2467.").

*Third*, the government seeks to address "[t]he sufficiency of the procedural protections available in the French proceedings." Dkt. No. 45 at 2. Again, the government never contends its purported need to address this issue arises because Intervenors raised it for the first time in their replies. Nor could it make that argument as Intervenors' opening memorandums set forth all of the reasons the French Order was deficient in establishing certain property was purchased with the proceeds of crime. *See* Ocean 26 Holdings LLC's and Mondrian 1026 LLC's Motion

OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO FILE A SURREPLY

[Dkt. No. 27] at 7 ("To enforce a foreign restraining order, a court must find that it was 'issued in a manner consistent with . . . the procedural due process protections for a restraining order under section 983(j) of title 18. 28 U.S.C. § 2467(d)(3)(a)(ii)(I).'"); Ocean Five Office 400 LLC's Motion [Dkt. No. 28] at 4 ("[T]he French Order did not provide facts sufficient to support a reasonable belief that the Property was purchased with criminal proceeds.").

Finally, the government states in a footnote that the original reply by Ocean 26 Holdings LLC and Mondrian 1026 LLC, ECF No. 43, was unilaterally amended by ECF No. 44 on October 31, 2018.  If the government is attempting to suggest this amendment supports its motion for leave to file a surreply, then the suggestion is unwarranted.  Ocean 26 Holdings LLC and Mondrian 1026 LLC amended their original reply to add a footnote, Dkt. No. 44 at n. 2, which sets forth information obtained from Fabrice Touil's French criminal counsel dispelling the government's suggestion that Mr. Touil ever violated the conditions of his bail.  The government does not propose addressing this information in a surreply, so the amendment is irrelevant to its motion.

## II.    The Government's Arguments Will Not Facilitate the Resolution of this Matter.

The government's motion should also be denied because a surreply addressing the three issues outlined above will not facilitate the resolution of this matter.  With respect to *Luan v. United States*, 722 F.3d 388 (D.C. Cir. 2013), the Court is capable of reading the case and deciding whether it agrees with Intervenors' characterization of its holding.  Moreover, while this Court has discretion to apply this rule, "[a]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded."  *Mullen v. Bureau of Prisons*, 843 F. Supp. 2d 112, 115 (D.D.C. 2012) (quoting *Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C 2010)).  As a result, the government should not be permitted to undo the legal

position it conceded through silence, which is that Intervenors' characterization of *Luan* is accurate and should be accepted by this Court.

The second issue that the government proposes to address – the degree of deference the French Court is entitled to in deciding questions of fact – is not in dispute as Intervenors do not question that the French Court is entitled to deference under 28 U.S.C. § 2467(f).  Rather, Intervenors contend only that a U.S. Court need not defer to the French Order's conclusory assertions and that even accepting the facts as set forth by the French Order, the French Order fails to support the restraint of the assets because the French Order does not trace the funds used to purchase the seized property to criminal proceeds.  It is in recognition of this failure by the French Order that the government never questioned Intervenor's tracing analysis in its initial responses, apparently conceding that the French Order is deficient.  Instead, for the first time, the government claimed the assets could be seized as "substitute assets."  As Intervenors note in their replies, the French Order never claimed this particular property could or should be seized as substitute assets.  While the government now appears to want to reverse course and defend the underlying French Order, the degree of deference to which the French Court is entitled will not facilitate resolution of the matter unless the government intends to claim that this Court must defer to even the unproven, conclusory assertions of a foreign court, which is a manifestly unreasonable position at odds with the due process requirements of the U.S. Constitution.

Likewise, the government's proposed discussion of the general procedural protections afforded by French courts will not facilitate resolution of this matter since Intervenors do not base their motion on the absence of such protections.  Intervenors contend that because the French Order admits it is unable to trace the source of funds used to purchase one of the properties and, with respect to other properties, the French Order offers nothing more than the

OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO FILE A SURREPLY

conclusory assertion that criminal proceeds were used to purchase the property, it would violate U.S. due process to enforce the French Order.  The general protections afforded by the French Court are irrelevant as they cannot justify the violation of constitutional rights in an individual case.

### III.    Granting the Government's Motion to Submit a Surreply Will Unduly Prejudice Intervenors.

Finally, the government's motion should be denied because granting leave would unduly prejudice Intervenors by denying them the opportunity to respond and by further delaying their effort to vacate restraints on their property.  The government supplies no reason it could not have addressed these three issues in its initial responses.  In the absence of such an explanation, there is no ground to allow the government to sandbag Intervenors in a surreply and overcome the normal rule that the Intervenors would have the last word.

### IV.    If the Government's Motion Is Granted, Then Intervenors Should Be Given a Further Opportunity to Respond.

Intervenors do not wish to extend the briefing schedule, and they believe the government's motion should be denied for all of the reasons set forth above.  However, in the event the Court grants the government leave to file a surreply, they request the opportunity to respond in kind.

**CONCLUSION**

For the foregoing reasons, the Court should deny the government's motion for leave to file a surreply.

OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO FILE A SURREPLY

Dated: November 4, 2018

Respectfully submitted,

_/s/_ James Kraehenbuehl
James Kraehenbuehl (Bar No. 1017809)
jkraehenbuehl@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

Matthew L. Schwartz
(_admitted pro hac vice_)
mlschwartz@bsfllp.com
Jaime D. Sneider
(_admitted pro hac vice_)
jsneider@bsfllp.com
BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

_Attorneys for Ocean Five Office 400 LLC,
Ocean 26 LLC, and Mondrian 1026 LLC_

OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO FILE A SURREPLY