UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE RESTRAINT OF TWENTY REAL
PROPERTIES IN CALIFORNIA AND FLORIDA
OWNED OR CONTROLLED BY FABRICE
TOUIL OR RICHARD TOUIL

No. 1:16-mc-1612 (CKK)

**OPPOSITION TO GOVERNMENT MOTION FOR LEAVE TO FILE A SURREPLY**

Proposed intervenor Real Estate 26 Investments LLC ("Intervenor"), by and through its undersigned attorney, opposes the United States' Motion for Leave to File a Surreply [Dkt. No. 45] (the "Motion"). The arguments the government proposes addressing in its surreply could have been addressed in its response. There is simply nothing new in Intervenor's reply that warrants a surreply.

Intervenor's reply enumerates substantive arguments that were presented in its opening memorandum for vacating the restraining order, arguments that the government chose not to address in its response. As Intervenor pointed out, the government did not cite, let alone address, controlling case law in its response even though Intervenor discusses this case law at length and relies upon it in its opening memorandum. Moreover, Intervenor noted, the government made no effort to address the French Order's failure to trace the funds used to purchase the properties being restrained to criminal proceeds even though this point is highlighted in Intervenor's opening memorandum. Having been called out for filing a purely procedural response that failed to address the substance of Intervenor's motion to vacate, the government now requests a second chance. The government offers no reason it could not have addressed these issues in its initial

1
OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO FILE A SURREPLY

response. That is because it is obvious the government could have addressed these points and simply failed to do so.

Surreplies are "generally disfavored" by this Court, and the government's motion for leave to file a surreply does not meet the threshold legal standard—a standard the government never even states. *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012) (citing *Kifafi v. Hilton Hotels Retirement Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010)). The critical factors in assessing a motion for leave to file a surreply are "whether the movant's reply . . . raises arguments or issues for the first time" that could not therefore have been addressed in a party's initial response, "whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion," and "whether the movant would be unduly prejudiced were leave to be granted." *Id.* (citing *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011)). None of these factors support the government's motion and therefore the motion should be denied.

I. **The Government Had the Opportunity to Address these Issues, and Its Failure to Do So Supports Denying It Leave to File a Surreply.**

The government proposes to address three issues in its surreply. None were raised for the first time in Intervenor's reply brief, and the government could have dealt with all of them in its initial response. The government has already had an opportunity to address these issues and elected to remain silent. Surreplies are not intended to afford a party a second bite at the apple when that party simply fails to discuss issues it could have addressed in its initial response. The government's motion should be denied.

*First*, the government seeks to address *Luan v. United States*, 722 F.3d 388 (D.C. Cir. 2013), a case the Intervenor discussed at length in its opening memorandums. *See* Real Estate 26

Investments LLC's Motion [Dkt. No. 29] at 6 ("The D.C. Circuit has found that [18 U.S.C § 983(j)] requires 'that the complaint . . . state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.'") (quoting *Gang Luan v. United States*, 722 F.3d 388, 397 (D.C. Cir. 2013)).  The government did not cite, let alone engage with, this case in its initial response, and the government presents no reason it could not have done so in that filing.

*Second*, the government seeks to address the deference required by 28 U.S.C. § 2467 to both findings of fact of foreign courts and to the content of foreign forfeiture law.  Because the government seized Intervenor's property pursuant to 18 U.S.C. § 2467, there is no reason this issue could not have been addressed in the government's initial response.  Moreover, Intervenor discussed this statute and the role of U.S. judicial review in its opening memorandum.  *See* Real Estate 26 Investments LLC's Motion [Dkt. No. 29] at 3 ("The Court must therefore vacate the U.S. Order as to 2666 Hutton as a violation of Movant's rights under 28 U.S.C. § 2467.").

*Third*, the government seeks to address "[t]he sufficiency of the procedural protections available in the French proceedings." Dkt. No. 45 at 2.  Again, the government never contends its purported need to address this issue arises because Intervenor raised it for the first time in its reply.  Nor could it make that argument as Intervenor's opening memorandum set forth all of the reasons the French Order was deficient in establishing certain property was purchased with the proceeds of crime.  *See* Real Estate 26 Investments LLC's Motion [Dkt. No. 29] at 6 ("To enforce a foreign restraining order, a court must find that it was 'issued in a manner consistent with . . . the procedural due process protections for a restraining order under section 983(j) of title 18. 28 U.S.C. § 2467(d)(3)(a)(ii)(I).'").

**II.     The Government's Arguments Will Not Facilitate the Resolution of this Matter.**

The government's motion should also be denied because a surreply addressing the three issues outlined above will not facilitate the resolution of this matter. With respect to *Luan v. United States*, 722 F.3d 388 (D.C. Cir. 2013), the Court is capable of reading the case and deciding whether it agrees with Intervenor's characterization of its holding. Moreover, while this Court has discretion to apply this rule, "[a]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded." *Mullen v. Bureau of Prisons*, 843 F. Supp. 2d 112, 115 (D.D.C. 2012) (quoting *Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C 2010)). As a result, the government should not be permitted to undo the legal position it conceded through silence, which is that Intervenor's characterization of *Luan* is accurate and should be accepted by this Court.

The second issue that the government proposes to address – the degree of deference the French Court is entitled to in deciding questions of fact – is not in dispute as Intervenor does not question that the French Court is entitled to deference under 28 U.S.C. § 2467(f). Rather, Intervenor contends only that a U.S. Court need not defer to the French Order's conclusory assertions and that even accepting the facts as set forth by the French Order, the French Order fails to support the seizability of the assets because the French Order does not trace the funds used to purchase the seized property to criminal proceeds. It is in recognition of this failure by the French Order that the government never questioned Intervenor's tracing analysis in its initial response, and instead, for the first time, claimed the property could be seized as "substitute assets." As Intervenor notes in its reply, the French Order never claimed this particular property could or should be seized as substitute assets. In any case, the government's analysis of the degree of deference to which the French Court is entitled will not facilitate resolution of the

matter unless the government intends to claim that this Court must defer to even the unproven, conclusory assertions of a foreign court, which is a manifestly unreasonable position at odds with the due process requirements set forth in the U.S. Constitution.

Likewise, the government's proposed discussion of the general procedural protections afforded by French courts will not facilitate resolution of this matter since Intervenor does not base its motion on the absence of such protections. Intervenor contends that because the French Order admits it is unable to trace the source of funds used to purchase the property, it would violate U.S. due process to enforce the French Order. The general protections afforded by the French Court are irrelevant as they cannot justify the violation of constitutional rights in an individual case. To the extent the government wished to discuss this irrelevant information, it had ample opportunity to do so in its response.

### III. Granting the Government's Motion to Submit a Surreply Will Unduly Prejudice Intervenor.

Finally, the government's motion should be denied because granting leave would unduly prejudice Intervenor by denying it the opportunity to respond and by further delaying its effort to vacate restraints on its property. The government supplies no reason it could not have addressed these three issues in its initial responses. In the absence of such an explanation, there is no ground to allow the government to sandbag Intervenor in a surreply and overcome the normal rule that the Intervenor would have the last word.

### IV. If the Government's Motion Is Granted, Then Intervenor Should Be Given a Further Opportunity to Respond.

Intervenor does not wish to extend the briefing schedule, and it believes the government's motion should be denied for all of the reasons set forth above. However, in the event the Court grants the government leave to file a surreply, it requests the opportunity to respond in kind.

## CONCLUSION

For the foregoing reasons, the Court should deny the government's motion for leave to file a surreply.

Dated: November 4, 2018

Respectfully submitted,

 /s/ Kelley C. Barnaby
Kelley C. Barnaby (Bar No. 998757)
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3687
Facsimile: (202) 654-4887
kelley.barnaby@alston.com

*Attorney for Real Estate 26 Investments LLC*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Opposition to Motion for Leave to File a Surreply** was served this 4th day of November 2018 in accordance with the Court's CM/ECF Guidelines.

*/s/ Kelley C. Barnaby*
Kelley C. Barnaby