# UNTIED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE RESTRAINT OF TWENTY REAL PROPERTY IN CALIFORNIA AND FLORIDA OWNED OR CONTROLLED BY FABRICE TOUIL OR RICHARD TOUIL | No. 16-mc-1612 (CKK) |

## SUPPLEMENTAL REPLY IN SUPPORT OF MOTION OF
## REAL ESTATE 26 INVESTMENTS LLC
## TO INTERVENE AND VACATE RESTRAINING ORDER

Proposed intervenor Real Estate 26 Investments LLC ("Real Estate 26" or "Movant"), respectfully submits this supplemental reply memorandum of law in further support of its motion to vacate the Court's restraining order (the "Order") as to 2666 Hutton Drive, Beverly Hills, California 90210 ("2666 Hutton" or the "Property").[1]

## ARGUMENT

Although it was given a second opportunity to respond to Movant's arguments, the government's sur-reply largely fails to do so, and instead requests that the Court "maintain certain restraints for an additional amount of time" pending a verdict in the French prosecution of Fabrice Touil. Sur-reply [Dkt. No. 48] at 10. In effect, the government responds to Movant's due process

---

[1] On December 4, 2018, the Court permitted the government to file a sur-reply to respond to arguments that, the government conceded, it could have but chose not to raise in direct opposition to Movant's original motion. See Gov. Motion for Leave to File a Sur-reply [Dkt. No. 45] (failing to assert that the proposed need for a sur-reply was necessitated by issues raised in Movant's Replies). In objecting to the proposed sur-reply, Movant requested in the alternative the opportunity to respond to any filing by the government. See Dkt. No. 47 at 5. The government did not object to allowing Movant to respond, and the Court's order permitting the government's sur-reply was silent on that issue. Movant therefore respectfully requests that the Court accept this supplemental reply, as it addresses solely arguments raised by the government for the first time in its sur-reply.

challenge to the pre-conviction restraint of its assets by asking the Court to wait for a verdict, in the hope that there will be a conviction and a new foreign order that won't contain the same defects as are set out in Movant's papers. To grant the government's request to wait, therefore, is effectively to deny Movant any relief and to perpetuate the very due process violations that the government effectively concedes occurred under binding legal precedent of this Circuit. *See generally Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) ("It has long been established that the loss of constitutional freedoms, 'for even minimal periods of time, unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))); *see also Am. Coastal Line Joint Venture, Inc. v. U.S. Lines, Inc.*, 580 F. Supp. 932, 936 n.4 (D.D.C. 1983) ("As has often been observed, justice delayed is justice denied."); *Burkett v. Fulcomer*, 951 F.2d 1431 (3d Cir. 1991) (finding due process violation for trial court's delay in ruling on post-trial motions). The Court should reject the government's invitation to simply do nothing, and should instead decide the motions and vacate the restraints.

The government's request that the Court not rule on the motions, though lawless, is understandable, since it cannot win on the record as presented. The sur-reply fails to address the fundamental shortcoming of its case: the French order on which this Court's restraining Order is based (the "French Order") does not trace the funds used to purchase the Movant's Properties to any alleged crime. The government now concedes this point, although it attempts to minimize its significance by accusing Movant of being a stickler for "fault[ing] the French court for not tracing every last euro and dollar, or stating every potential legal basis for forfeiture." Sur-reply at 7. However, the requirement that a foreign order "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" is not an

empty formality – it is essential to protecting due process and it is the controlling law of this Circuit. *Luan v. United States*, 722 F.3d 388 (D.C. Cir. 2013).

The government's suggestion that *Luan* supports the restraint of the Properties is erroneous. *See* Sur-reply at 6-7. While it is true that the Hong Kong proceedings in *Luan* share certain superficial features with the French proceedings in this case – warrants were issued in both cases; the foreign orders remained in force during the pendency of the U.S. proceedings – there is a critical difference. In *Luan*, the Hong Kong court issued a restraining order, which the U.S. government sought to enforce, "against the $23.7 million of Luan's American assets that were traceable to the alleged criminal activities." 722 F.3d at 390. An accompanying "affirmation of the Hong Kong customs inspector made numerous particularized allegations, describing in detail the unlawful transactions in which Luan engaged, the bank accounts into which he deposited the proceeds, and the incriminating manner in which he transferred $23.7 million from those bank accounts to the United States." *Id.* at 397. By comparison, the government admits the French Order here does not trace the Properties to any alleged criminal activities. As a result, it cannot satisfy the requirements of the forfeiture laws or U.S. conceptions of due process under *Luan*.

This shortcoming is particularly illustrated by the government's request to restrain the Property.  Nothing in the French Order provides any basis to believe that Fabrice Touil, and not Eliahou Tuil, beneficially owns the Property. Eliahou Tuil and Fabrice Touil are not the same person, and Eliahou Tuil was not indicted in connection with any part of the VAT fraud scheme. The French Order states that Real Estate 26 purchased the Property and acknowledges the Eliahou Tuil is the person known at 2666 Hutton. Dkt. No. 3-1 at 67.  Further distinguishing the Property, it does not share the same managers as are identified for the other properties. *See id.* at 78. The

SUPPLEMENTAL REPLY IN SUPPORT OF MOTION REAL ESTATE 26 INVESTMENTS
LLC TO INTERVENE AND VACATE RESTRAINING ORDER

government's papers offer no response to this critical point, and for that additional reason the government cannot satisfy the requirements to restrain the Property.

The government is also wrong to fault Movant's reliance *United States v. One Gulfstream G-V Jet Aircraft*, 941 F. Supp. 2d 1 (2013) and *United States v. All Assets Held at Bank Julius Baer & Company, Ltd.*, 571 F. Supp. 2d 1 (2008). *See* Sur-reply at 4-5. These are domestic forfeiture cases that applied the standard set forth in Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which requires the United States to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." While the government claims this heightened standard is "inapplicable . . . when examining a foreign court order to be enforced under § 2467(d)(3)," this is the same rule and standard quoted by *Luan* in holding that a court must "determine whether [a foreign defendant] received procedural due process protections 'consistent with' those afforded by the filing of a civil forfeiture complaint." 722 F.3d at 396. The government's disagreement about the applicable legal standard is not with the Movant, but with the U.S. Court of Appeals for the District of Columbia.

Next, the government claims there is no support for Movant's argument in the actual practice of enforcing foreign court orders restraining property in the United States. In support of this assertion, the government observes that "unlike a civil forfeiture complaint in the United States, it is not necessarily true that a restraining order issued abroad would be the document that initiates a case, puts a defendant on notice of the allegations, or summarizes investigative findings." Sur-reply at 5 n.4. The notion that a U.S. court would enforce a foreign restraining order that does not include even a summary of the allegations or the findings that provide a basis to restrain the property flies in the face of *Luan*. Despite observing that this Court "considers the majority of applications filed by the Department of Justice under 28 U.S.C. § 2467," the

SUPPLEMENTAL REPLY IN SUPPORT OF MOTION REAL ESTATE 26 INVESTMENTS LLC TO INTERVENE AND VACATE RESTRAINING ORDER

government cites only three examples of applications that support its position that orders should be enforced even when they "do not recite any factual findings whatsoever." *Id.* Two of the cases were never challenged by the property owner. *See* 16-mc-001148-RCL and 14-mc-00602-RWR. The last one, which was before Your Honor, was decided prior to *Luan* – a critical fact the government fails to disclose or explain. *See* 11-mc-00452-CKK.

Since the government cannot cure the French Order's failure to trace the funds used to purchase the Properties to any alleged crime, the government resorts to attempting to rewrite the French Order to include other hypothetical bases for seizing the Properties. The government repeats its earlier response that French law permits the seizure of substitute assets prior to any conviction. *See* Sur-reply at 7. Even assuming that to be true as a general matter, the French Order did not authorize the restraint of the Properties as substitute assets; it authorized only the restraint of proceeds. Moreover, the government's own ex parte application was never premised on the Properties being substitute assets. *See* Real Estate 26 Reply [Dkt. No. 41] at 6-7 (describing how the Properties were specifically seized as criminal proceeds rather than substitute assets). The government cannot save an unconstitutional restraint by rewriting the French Order, its ex parte application, and this Court's Order to manufacture a new basis on which to restrain the Properties.

Even if the government could rewrite the French Order, it would still not authorize restraint of the Property because Eliahou Tuil is a third-party who has neither been named as a defendant nor indicted in any legal proceedings, therefore the Property cannot be seized as a substitute asset. *United States v. Saccoccia*, 354 F.3d 9, 15 (1st Cir. 2003) ("The implicit limitation in § 1963(m) – the 'substitute assets' provision – that the government may reach only the *defendant's* substitute assets and not those of a third party – is similar in nature. Forfeiture is an *in personam* criminal remedy, targeted primarily at the *defendant* who committed the criminal offense.") (emphasis

SUPPLEMENTAL REPLY IN SUPPORT OF MOTION REAL ESTATE 26 INVESTMENTS
LLC TO INTERVENE AND VACATE RESTRAINING ORDER

added).  The government ignored this critical distinction in the Application and continues to ignore this distinction in its subsequent filings.

The government also attempts to rewrite its ex parte application by observing that 28 U.S.C. § 2467(d)(3) permits the seizure of property based on "an affidavit describing the nature of the proceeding or investigation underway in the foreign country and setting forth a reasonable basis to believe that the property to be restrained will be named in a judgment of forfeiture at the conclusion of such a proceeding." Sur-reply at 3. But the government's ex parte application was not premised on such an affidavit and no such affidavit has ever been supplied to this Court. Instead it was based on a foreign restraining order, which the government is attempting to supplement with its own unsworn description of the due process rights purportedly accorded Mr. Touil in France.[2] In the absence of any affidavit, however, this provision of § 2467(d)(3) is irrelevant. And even if this provision were somehow relevant to this motion, its express terms contradict the government's suggestion that a U.S. court is merely supposed to rubber stamp foreign orders even when they "do not recite any factual findings whatsoever." Sur-reply at 5 n.4. After all, this provision of § 2467 specifies that the affidavit must set forth "a reasonable basis to believe that the property to be restrained will be named in a judgment of forfeiture at the conclusion of such a proceeding," which is an invitation for a court to examine the affidavit and assess the likelihood of success on the merits, effectively permitting the Court to grant a preliminary injunction. That is, the statute permits the Court evaluating a request to restrain U.S. property in favor of a foreign criminal

---

[2] The Court should not accept the government's unsworn and uncited proffers. For example, the sur-reply repeats the insinuation the Fabrice Touil has violated the provisions of his French bail. *See* Sur-reply at 3 & n.1. But as set forth previously, this is not correct. *See* Ocean 26 and Mondrian 1026 Amended Reply [Dkt. No. 44] at 2 n.2. Movant respectfully submits that this issue is entirely irrelevant to the motion before the Court, but to the extent Your Honor believes otherwise, it was incumbent upon the government to provide evidence.

SUPPLEMENTAL REPLY IN SUPPORT OF MOTION REAL ESTATE 26 INVESTMENTS
LLC TO INTERVENE AND VACATE RESTRAINING ORDER

proceeding to consider two types of evidence: either an order of a foreign court restraining the property, or an affidavit describing the foreign proceedings and setting out an evidentiary basis to believe that property will be subject to forfeiture at their conclusion. But either way, under both the statute (§ 2467(d)(1)) and the D.C. Circuit's decision in *Luan*, U.S. notions of due process must be observed.

Finally, the government's sur-reply does absolutely nothing to address Movant's argument that under binding Supreme Court precedent, pre-conviction criminal restraint of substitute assets is an impermissible violation of due process. *See* Real Estate 26 Reply [Dkt. No. 41] at 8-9. Rather than attempt to respond, the government contends that even if U.S. law does not permit pretrial restraint of substitute assets, it is somehow permissible so long as foreign law permits it. Sur-reply at 9. With respect to the government, that is not the way the Constitution works. U.S. proceedings and the seizure or restraint of assets in the United States are subject to American conceptions of due process. *See Fuentes v. Shevin*, 407 U.S. 67, 86 (1972) ("Any significant taking of property by the State is within the purview of the Due Process Clause."). The government's position would result in the absurd conclusion that property that cannot be constitutionally restrained under U.S. law may nevertheless be restrained by a U.S. court on the basis of foreign law. If the government's argument were correct, a corrupt and dictatorial regime (which nonetheless was a "treaty partner" with the United States, Sur-reply at 2, 6) could issue an order or present an affidavit demanding the seizure of all American assets belonging to a political dissident, journalist, or academic pending his or her inevitable conviction on some set of trumped-up charges. This threat is especially real, moreover, in light of the government's argument that the foreign order does not even need to recite any factual findings. The Court should not accept the government's argument to overlook binding

SUPPLEMENTAL REPLY IN SUPPORT OF MOTION REAL ESTATE 26 INVESTMENTS
LLC TO INTERVENE AND VACATE RESTRAINING ORDER

Supreme Court precedent and instead embrace foreign law to the exclusion of the U.S. Constitution.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Order should be vacated as to the Property.


Dated: December 27, 2018                                      Respectfully submitted,


                                                    _____/s/ Kelley C. Barnaby_____

                                                    Kelley C. Barnaby (Bar No. 998757)

                                                    ALSTON & BIRD LLP

                                                    950 F Street NW

                                                    Washington, DC 20004

                                                    Telephone: (202) 239-3687

                                                    Facsimile: (202) 654-4887

                                                    Kelley.Barnaby@alston.com

                                                    *Attorney Real Estate 26 Investments LLC*

SUPPLEMENTAL REPLY IN SUPPORT OF MOTION REAL ESTATE 26 INVESTMENTS LLC TO INTERVENE AND VACATE RESTRAINING ORDER

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing **Supplemental Reply in Support of Motion to Intervene and Vacate Restraining Order and Memorandum in Support** was served this 27th day of December 2018 in accordance with the Court's CM/ECF Guidelines.

/s/ Kelley C. Barnaby
Kelley C. Barnaby